IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01943-PAB-MEH

JIMI HOWELL,

    Plaintiff,

v.

DOUGLAS G. ORNDORFF, M.D.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to demonstrate service upon the Defendant in accordance with Fed. R. Civ. P. 4(m). This Court ordered Plaintiff to show cause why it should not recommend dismissal of this case for her failure to serve the Defendant and prosecute this case, but the Plaintiff did not respond. Accordingly, the Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.      Background**

The Plaintiff initiated this action against Defendant on July 22, 2013. The case was assigned to Judge Brimmer, who then referred the case to the undersigned for all motions and pretrial matters. Dockets ## 5, 7. This Court held a Status Conference on December 10, 2013 at which the Court discussed with Plaintiff service of the Complaint upon the Defendant. Docket #11. The Court then held a motion hearing on December 16, 2013 at which the Court granted Plaintiff's motion for extension of time to file a motion for leave to serve the Defendant out of time. Docket #12. Plaintiff filed her motion on December 19, 2013 and the Court granted the motion in part ordering the Plaintiff to serve Defendant on or before January 18, 2014. Dockets ## 13, 15. However, the record indicates no service upon the Defendant and no further requests by the Plaintiff for additional time. Accordingly, this Court issued an order for the Plaintiff to show cause why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for the Plaintiff's failure to serve the remaining Defendants. Docket #16. Plaintiff filed no response by the February 26, 2015 deadline.

**II.     Legal Standards**

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the

parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Fed. R. Civ. P. 4 governs service of a summons and complaint in federal court. Pursuant to Rule 4(c), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c). Rule 4(m) provides, in pertinent part,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Generally, good cause requires the moving party to establish that the initial deadline cannot be met, despite his diligent efforts. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). In *Scott*, the court set forth the required inquiry a court must make before dismissing a case pursuant to Rule 4(m):

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service .... If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point, the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

216 F.3d at 912 (quoting *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)).

**III.   Discussion**

Rule 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Here, the Plaintiff knew that the original deadline pursuant to Rule 4(m)

expired in November 2013. *See* docket #11. This Court granted Plaintiff an extension of time within which to file a motion for leave to serve the Defendant out of time then granted additional time within which to file the motion. Dockets ## 11, 12. Plaintiff timely filed the motion for leave and this Court granted Plaintiff an additional 30-day extension of time within which to serve the Defendant to January 18, 2014 (which would have been 60 days past the original deadline). *See* docket #15. There is no indication in the record that the Defendant has been served in this case; accordingly, the Court notified the Plaintiff of Rule 4(m)'s consequence for failure to serve in its February 5, 2015 order to show cause. *See* docket #16. Nevertheless, the Plaintiff has neither responded to the order, nor sought any extension of time within which to respond or to serve.

THEREFORE, the Plaintiff having failed to serve the Defendant in this case pursuant to Fed. R. Civ. P. 4(m) and to demonstrate any cause for either mandatory or permissive extension of the service deadline, the Court recommends that the District Court dismiss this action without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b).

Dated this 4th day of March, 2015, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge